**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Ignetius Fernandes, on Behalf of Himself And all Others Similarly Situated, Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | C.A. No. 4:26-cv-3526 |
| | § | |
| Chaudhry Muhammad Ayaz, Panthers Petroleum II LLC, Panthers Petroleum III LLC, and Panthers Petroleum IV LLC, Defendants. | §<br>§<br>§<br>§<br>§ | JURY DEMANDED |

## Plaintiff's Original Collective Action Complaint

### Summary of Lawsuit

Defendant Chaudhry Muhammad Ayaz ("Ayaz") owns and/or controls numerous companies that own and run convenience stores and gasoline stations in the Houston, Texas area. Through these companies, Ayaz carries out a business plan that includes failing to pay non-exempt employees overtime pay for the hours they work over 40 per workweek, and in some cases failing to pay employees for all of the time they work. Ayaz's and his companies' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Operating through his companies, Panthers Petroleum II LLC, Panthers Petroleum III LLC, and Panthers Petroleum IV LLC (the "Companies" and, collectively with Ayaz, "Defendants"), Ayaz carries out this illegal business plan. Defendants hired Plaintiff Ignetius Fernandes ("Fernandes" or "Plaintiff") as a cashier, did not pay him overtime when he worked more than 40 hours per week, made improper deductions from his pay, and failed to pay him his full promised wages. Defendants also failed to pay Fernandes for certain periods of time during which he performed compensable work. Plaintiff, on behalf of himself and all other individuals similarly situated, brings this lawsuit against Defendants to recover unpaid

overtime required by the Fair Labor Standards Act ("FLSA"), as well as unpaid wages owed to him under state law.

## Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

### Ayaz and His Companies

1. Chaudhry Muhammad Ayaz is an individual who has an ownership interest in and who has operational control of numerous convenience stores and/or gasoline stations in the Houston, Texas area. He operates these businesses through the Companies named as Defendants in this lawsuit.

2. Ayaz has an ownership interest in and operational control over the Companies, which all own and/or operate convenience stores and gasoline stations ("C-Stores").

3. Ayaz is a person who controls how employees are paid by the Companies. Because of the compensation policies that Ayaz has put into place in the Companies, the Companies have a common practice of failing to pay their employees overtime pay for hours they work over 40 in a workweek, and/or failing to pay employees for all hours worked. Ayaz has the authority to determine pay policies for all the Companies and is the individual who put this payment scheme into place for all the Companies.

### Fernandes's Employment with Ayaz

4. Fernandes worked for Ayaz in a gas station/convenience store run by Defendants doing business as Panthers 25, which is an assumed name of Panthers Petroleum II LLC. Fernandes worked for Defendants as a cashier from approximately May 2024 until September 2024. Fernandes's duties included, but were not limited to, operating a cash register and checking out

2

customers, stocking shelves, sweeping the parking lot, taking out trash, putting up store signage/sales banners, and dealing with vendors.

5. During the time he worked for Defendants, Fernandes regularly worked more than 40 hours per week.

6. Defendants paid Fernandes on a salary basis, promising to pay him a fixed weekly salary regardless of the number of hours worked. Defendants did not pay Fernandes any overtime premium for any of the hours he worked over 40 in a workweek. In addition, Defendants did not always pay Fernandes his full promised salary and made deductions from his salary for certain workweeks. Defendants also failed to pay Fernandes anything at all for certain periods of time during which he performed work for Defendants.

7. Defendants hired many other individuals as cashiers to work at Ayaz's convenience stores. These individuals regularly worked over 40 hours per week. Defendants did not pay these individuals overtime pay for all hours they worked over 40 in a workweek, and/or failed to pay them minimum wage for all hours worked.

8. Ayaz is an owner and control person of the Companies. Ayaz was involved in the control of all decisions regarding hiring, firing, and the means and method of compensation of employees. The Companies are all entities that are in the same business (convenience store with gasoline sales), use common suppliers, have common supervisory personnel over multiple corporate locations, and are run as one business with the same compensation policies for all employees. Ayaz and the Companies are joint employers of Fernandes and all Similarly Situated Workers.

**Allegations Regarding FLSA Coverage**

9.      Defendant Ayaz is an individual who owns and/or runs numerous companies that own and run convenience stores in Texas. Each of the Defendant Companies, and by extension their owner and control person, Defendant Ayaz, is covered by and subject to the overtime requirements of the FLSA.

10.      During each of the three years prior to this complaint being filed, Defendants were all enterprises engaged in interstate commerce, purchasing materials through commerce, ordering goods and materials through commerce and on the interstate highways, conducting transactions through commerce, including but not limited to the use of credit cards, phones and/or cell phones, electronic mail, and the Internet.

11.      During each of the three years prior to this complaint being filed, each Defendant regularly owned and operated business(es) engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

12.      During each of the three years prior to this complaint being filed, each Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

13.      During each of the three years prior to this complaint being filed, each Defendant's employees used, sold, or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, processed, made or manufactured outside the state of Texas.

**Ayaz and the Companies Are a Single Enterprise**

**The C-Store Companies Are Engaged in "Same or Similar Businesses"**

14.    Ayaz and the Companies together operate as a single enterprise. The Companies are all in the same business of operating convenience stores with gasoline sales.

**The Companies Are Under the Common Control of Ayaz**

15.    Ayaz is an individual who has the power to make binding decisions and does make binding decisions regarding the operation of the Companies, including employee compensation policies (such as determining rates and methods of pay, failing to pay employees overtime, and making deductions from employee compensation), contracts with suppliers, and contracts with vendors.

**Ayaz Operates the Defendant Companies for a Common Business Purpose**

16.    Ayaz operates the Companies for the purpose of maximizing his profits from these entities. The buying and bargaining power of the multiple-location Companies allows Ayaz and the other Defendants to gain an advantage over competitors in the marketplace, as does the illegal practice of not paying their employees overtime pay. The control and ownership of the Companies is centralized in Ayaz. He operates the Defendant Companies as a common business enterprise to the benefit of himself and the Companies.

**Ayaz Is an Employer and the Companies Are Joint Employers**

**Power to Hire and Fire Employees**

17.    Ayaz possesses and possessed the power to hire and fire employees of all the Companies. Ayaz either made those decisions himself or hired supervisory personnel to make those decisions for him. However, Ayaz always had the ultimate power to make decisions regarding the employment status of Company employees.

### Control of Employee Conditions of Employment

18.     Ayaz has the power to control employee work schedules and conditions of employment at all the Companies. While Ayaz may not have personally created the weekly schedules for each Company, he put into place the structure of the work schedules and appointed and supervised the individuals who physically created work schedules. Ayaz created a system in which Company employees regularly worked more than 40 hours per week (often over 60 hours per week) and were not paid overtime pay for hours over 40. The Companies carried out these schedule and compensation policies.

### Rate and Method of Payment

19.     Ayaz is an individual who determined the rates and methods of compensation for the Companies' employees, determined that employees were not going to be paid overtime pay when they worked more than 40 hours in a workweek, and determined whether they would be paid in cash or by check, or both. Ayaz put his decisions regarding rates and methods of payment into place through the Companies.

### Maintenance of Employment Records

20.     Ayaz maintained employment records for Fernandes and all the individuals employed by the Companies through the Companies. As required by Ayaz, each of the Companies kept employment records, including time records and pay records. Ayaz also has pay records for at least those individuals who were paid by check because he is an owner of the bank accounts that the Companies used to pay their employees.

### Plaintiff's Claims and Allegations of Liability

21.     Ayaz and the other Defendants were legally required to pay Fernandes and other individuals who worked as cashiers for Defendants ("Similarly Situated Workers") overtime pay

at the rate of one and one-half times their regular rate of pay for all hours that these individuals worked for Defendants over 40 in any workweek, and/or to pay them at least the applicable minimum wage for all hours worked.

22. Fernandes worked over 40 hours in most workweeks that he worked for Ayaz, at the C-Store operated by Panthers Petroleum II LLC doing business as Panthers 25. In addition, Defendants failed to pay Fernandes for certain periods of time during which he performed work for Defendants.

23. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Defendants.

24. Defendants did not pay Fernandes time-and-a-half for any of the overtime hours that he worked for the Defendants, and further did not pay Fernandes anything at all for certain periods of time during which he performed compensable work. Defendants' underpayment and nonpayment of Fernandes and Similarly Situated Workers, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other convenience stores that pay their employees all the money required by law.

### Knowing Conduct

25. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Fernandes and Similarly Situated Workers. Defendants were fully aware of their legal obligations to pay overtime yet continued to violate the FLSA's requirements. Because of Defendants' willful violation of the FLSA, the applicable statute of limitations is three years.

**Similarly Situated Persons**

26.    Defendants employed numerous individuals as cashiers at Ayaz's convenience stores. Defendants generally required these cashiers to work more than 40 hours per week on a regular basis. Defendants did not pay these cashiers overtime pay for all hours they worked over 40 in a workweek, and/or failed to pay them minimum wage for all hours worked. These individuals are similarly situated to Fernandes in terms of their potential claims under the FLSA.

**Cause of Action**

**Violation of the FLSA — Failure to Pay Overtime Wages Owed**

27.    Defendants violated the FLSA by failing to pay Fernandes overtime pay at the rate of one and one-half times his regular rate of pay for hours worked over 40 per workweek. Defendants also violated the FLSA by failing to pay Fernandes his full promised salary and by failing to pay Fernandes any wages at all for certain periods of time during which he performed compensable work for Defendants.

28.    Fernandes has suffered damages as a direct result of Defendants' illegal actions.

29.    Defendants are liable to Fernandes for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

**Second Cause of Action**

**Breach of Contract and Quantum Meruit**

30.    Defendants agreed to pay Fernandes a specific weekly salary as compensation for his services as a cashier. This promise constituted a binding contractual obligation enforceable under Texas law.

31.    Defendants breached this agreement by failing to pay Fernandes his full promised salary during multiple workweeks, and by failing to pay him any wages at all for certain periods

8

during which he performed compensable work. Fernandes has suffered damages as a direct and proximate result of Defendants' breach of this contractual obligation.

32.    In the alternative, Fernandes provided valuable labor services to Defendants, which Defendants accepted and from which they benefited. Fernandes performed these services under circumstances in which it was reasonably understood that he would be paid for his labor. Defendants' retention of the benefit of Fernandes's services without full compensation constitutes unjust enrichment, and Fernandes is therefore entitled to recover the reasonable value of those services under the doctrine of quantum meruit.

33.    The damages recoverable by Fernandes under his breach of contract and quantum meruit claims include the unpaid portions of his promised wages that are not otherwise recoverable under the FLSA, and are separate from and in addition to any overtime damages sought under the FLSA.

### Collective Action Allegations

34.    The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, failing to pay convenience store cashiers overtime pay for hours they worked over 40 in a workweek, and/or failing to pay them for all hours worked. This generally applicable policy is prohibited by the FLSA. Thus, Fernandes's experience is typical of the experiences of the Similarly Situated Workers.

35.    The Similarly Situated Workers to whom notice should be sent are properly defined as:

> **All individuals working as cashiers for Chaudhry Muhammad Ayaz, operating through his companies, Panthers Petroleum II LLC, Panthers Petroleum III LLC, and Panthers Petroleum IV LLC, who were not paid overtime pay for all hours worked over 40 in a workweek,**

**and/or who were not paid minimum wage for all hours worked, for at least one workweek during the three-year period preceding the filing of this Complaint.**

36. The Court should order the Defendants to provide contact information for all Similarly Situated Workers to Plaintiff's counsel and allow them to send notice to all Similarly Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

**Defendants, Jurisdiction, and Venue**

37. Defendant Chaudhry Muhammad Ayaz is an individual who is an owner and control person of the Companies sued herein, is a joint employer with those entities, and is an "employer" as defined by the FLSA of Fernandes and the Similarly Situated Workers. Ayaz may be served at 9642 Huffmeister Rd., Suite A, Houston, Texas 77095, or wherever else he may be found.

38. Defendant Panthers Petroleum II LLC is a Texas limited liability company and is covered by and subject to the overtime requirements of the FLSA. Panthers Petroleum II LLC may be served with process through its registered agent, Dynamic Accounting Solutions Inc., at 7211 Regency Square Blvd., Suite 260, Houston, Texas 77036.

39. Defendant Panthers Petroleum III LLC is a Texas limited liability company and is covered by and subject to the overtime requirements of the FLSA. Panthers Petroleum III LLC may be served with process through its registered agent, Dynamic Accounting Solutions Inc., at 7211 Regency Square Blvd., Suite 260, Houston, Texas 77036.

40. Defendant Panthers Petroleum IV LLC is a Texas limited liability company and is covered by and subject to the overtime requirements of the FLSA. Panthers Petroleum IV LLC may be served with process through its registered agent, Dynamic Accounting Solutions Inc., at 7211 Regency Square Blvd., Suite 260, Houston, Texas 77036.

41.    This Court has federal question jurisdiction under the FLSA, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants are located in this district, Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

42.    Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1.  Issuance of notice as soon as possible to all persons who are/were employed as cashiers by any Defendant during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2.  Judgment against Defendants for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid overtime wages and all other unpaid wages at the applicable rate;
3.  Judgment against Defendants for breach of contract and/or quantum meruit in the amount of Plaintiff's unpaid promised wages not otherwise recoverable under the FLSA;
4.  An equal amount to the overtime wage damages as liquidated damages;
5.  Judgment against Defendants that their violations of the FLSA were willful;
6.  To the extent that liquidated damages are not awarded, an award of prejudgment interest;
7.  All costs and attorney's fees incurred prosecuting these claims;
8.  Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
9.  For such further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
PO Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

11